UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RECEIVED FILED
2017 APR 24 PM 4:35
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ALEXANDRA STEHMAN,

    Plaintiff,

vs.

ELITE CONSUMER SERVICES, LLC,

    A Defendant, and

ANDREW TREXLER,

    A Defendant.

_____/

CASE: 6:17-CV-731-ORL-40-GJK

## COMPLAINT AND JURY DEMAND

Alexandra Stehman (hereinafter "Plaintiff") hereby sues Defendants Andrew Trexler and Elite Consumer Services, LLC (hereinafter "Defendants"), and for the causes of action alleges as follows:

### JURISDICTION AND VENUE

1. This is an action by Plaintiff against Defendant for unpaid wages and unjust enrichment pursuant to the Fair Labor Standards Act of 1938 (Hereinafter "FLSA"), as amended, 29 U.S.C. 201, *et seq.*, and Florida common law.

2. Venue is appropriate in the United States District Court for the Middle District of Florida because Defendant's business operates in the district, Defendant had a principal address in the district, and the acts or omissions related to Plaintiff's cause of action arose in the district.

3. This Court has jurisdiction over the matter as Defendant's actions violated federal law pursuant to the FLSA.

4. This action arises under 29 U.S.C. § 201, et. Seq. of the FLSA. The District Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b).

5. The action also arises pursuant to Florida Common Law in regards to Plaintiff's unjust enrichment claim. Plaintiff requests supplemental jurisdiction to be extended over this related claim, as the unjust enrichment Defendant enjoyed at Plaintiff's detriment is related to Plaintiff's unpaid wages.

6. Plaintiff has satisfied all conditions precedent to filing this action.

## PARTIES

7. Plaintiff Alexandra Stehman is a citizen of the United States and a Pennsylvania citizen.

8. Defendant Andrew Trexler is a citizen of the United States and a Florida citizen.

9. Defendant Elite Consumer Services, LLC is an entity formed under Florida law and whose principal address is located in the Middle District of Florida.

## GENERAL ALLEGATIONS

10. This is an action for unpaid wages and unjust enrichment.

11. Plaintiff engaged with Defendants Andrew Trexler and Elite Consumer Services as an employee and manager of the LLC in January 2017.

12. As a condition of employment, Plaintiff reduced her hourly market rate to $95/hour.

13. From January 2017 to February 2017, Plaintiff worked approximately 416 hours for Defendant. At the above rate she totaled $39,520 in hours worked, subject to payroll taxes.

14. In addition to her wages, Plaintiff contributed to Defendant the following services without just compensation:

a) Purchasing of cloud-based software subscriptions;

b) Purchasing of company lunches; and

c) Significant business consulting services.

15. The above-mentioned services Plaintiff provided totaled approximately $6,000.00.

16. After Defendants refused to compensate Plaintiff for her time worked, Plaintiff was left with no choice but to resign in February 2017.

17. As of April 2017, Plaintiff has not received any payment stemming from her employment contract, or any payment for services rendered.

18. Plaintiff's loss of employment wages totals $45,823.53.

19. Plaintiff has repeatedly requested, both orally and in writing, for Defendants to repay Plaintiff the amount of benefits conferred upon the Defendants, and Defendants have failed to remit any funds.

20. On March 8, 2017, Plaintiff sent Defendants a good-faith demand letter requesting compensation for Defendants' failure to pay wages; Defendant responded by telephone and claimed he did not have the funds to compensate Plaintiff.

21. Plaintiff was forced to retain the undersigned, and hereby requests attorneys' fees as damages in this suit.

## COUNT I: FAILURE TO PAY WAGES

22. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 20 as if set forth herein in full.

23. Defendant broke federal law under the FLSA and Florida state law by failing to pay Plaintiff her fairly earned wages.

24. Plaintiff has demonstrated under the FLSA guidelines that she performed work for

Defendants for which she was not properly compensated, and that Defendants as employers had actual or constructive knowledge of Plaintiff's work.

25. Defendants' actions were willful and intentional in disregard of Plaintiff's rights.

26. Defendants' do not have any legitimate defenses that would justify its failure to rightfully compensate Plaintiff.

## COUNT II – UNJUST ENRICHMENT

27. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 20 as if set forth herein in full.

28. Plaintiff and Defendants entered into an employment agreement wherein labor and services from Plaintiff were conferred upon Defendant in exchange for compensation.

29. Defendant benefited from Plaintiff's services in the amount of $ to Plaintiff's detriment, and never provided any compensation for the services rendered.

30. The elements of a cause of action for unjust enrichment under Florida law according to *Hillman Const. Corp. v. Wainer*, 636 So. 2d 576, 577 (Fla. 4th DCA 1994) are:

   a) the Plaintiff has conferred a benefit on the defendant, who has knowledge there of;

   b) the Defendant voluntarily accepts and retains the benefit conferred; and

   c) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the Plaintiff.

31. Defendant's acceptance of the above-described services without providing compensation to Plaintiff constitutes unjust enrichment.

32. Plaintiff Alexandra Stehman conferred benefits on Defendants, who voluntarily accepted and retained the benefits Plaintiff conferred, and it would be inequitable for Defendants to retain the conferred-upon benefits without paying value to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

a. All wages and other economic benefits lost as a result of Defendant's wrongful acts;

b. All costs and attorney's fees incurred in litigating the above action;

c. Liquidated damages pursuant to the FLSA;

d. Compensatory damages;

e. Pre- and post judgment interest; and,

f. Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 18, 2017

                                              Respectfully submitted,

                                              **AYO AND IKEN, PLC.**
                                              Attorneys for Plaintiff
                                              703 West Bay Street
                                              Tampa, Florida 33606
                                              Telephone: (813) 774-4529

                                              By: _____
                                                      Trescot J. Gear
                                                      Fla. Bar No. 118216

## CERTIFICATE OF SERVICE

**I hereby certify** that on April 18, 2017 I served the foregoing Complaint to the Defendants, Andrew Trexler and Elite Consumer Services, LLC.

DATED: _____

/s/ Trescot Gear
Trescot Gear
Fla Bar No. 118216
AYO AND IKEN, PLC.
Attorneys for Plaintiff
703 West Bay Street
Tampa, Florida 33606
Telephone: (813) 774-4529
trescotgear@gmail.com